UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY J. AMES and DAVID R. AMES,

    Plaintiffs,

v.                                      Case No. 8:13-cv-00806-SDM-MAP

J.P. MORGAN CHASE BANK, N.A.;
NATIONWIDE TITLE CLEARING, INC.;
ERIKA LANCE; CYNTHIA A. RILEY;
LAQUINA WILSON DOATY; PEARL
BURCH; LASHONDA ANDERSON;
SHEQUITA KNOX; ANGELA RUTH
PAYNE; ALDRIDGE CONNORS, LLP;
and JOHN DOES 1-5

    Defendants.
_____/

**MOTION TO DISMISS COMPLAINT AND
<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>
(Nationwide Title Clearing, Inc. and Erika Lance)**

    Pursuant to Rule 8 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Nationwide Title Clearing, Inc. ("NTC") and Erika Lance ("Lance"), move on the following grounds to dismiss the Complaint as against them:

<u>**MOTION TO DISMISS COMPLAINT**</u>

    Plaintiffs seek to recover from NTC and Lance on account of the following claims: declaratory judgment of a void assignment; civil conspiracy to slander title; and violation of Fair Debt Collection Practices Act ("FDCPA"). However, Plaintiffs have failed to plead essential elements of these claims as to NTC and Lance, and more important, the facts alleged in the Complaint make clear that no such claims exist as a matter of law. Because Plaintiffs fail to state

{26289088;1}

a claim as a matter of law and as a matter of pleading under the Federal Rules of Civil Procedure, the Complaint must be dismissed as to NTC and Lance.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I. BACKGROUND FACTS AS ALLEGED BY PLAINTIFF.

According to the Complaint, Plaintiffs are Georgia residents who own a home in Georgia that is subject to a non-judicial foreclosure. See Complaint at ¶¶ 3, 65. NTC is a Florida corporation. See Complaint at ¶ 5. Lance is a Florida resident and an employee of NTC. See Complaint at ¶ 6. NTC is in the business of providing services to residential mortgage lenders and servicers; among the services that NTC provides to its customers is preparing documents, including assignments. See Complaint at ¶ 85. In this action, NTC and Lance are alleged to have prepared (*i.e.* word processed) an Assignment[1] of a Security Deed relating to Plaintiffs' home, on behalf of defendant Chase. See Complaint at ¶ 85. Importantly, Plaintiffs have not alleged that NTC or Lance executed, signed, recorded, witnessed, or notarized the Assignment; more importantly, Plaintiffs have not alleged that NTC or Lance prepared the Assignment "maliciously." See Complaint at ¶¶ 96-100. The Assignment, which is not attached to the Complaint, is attached hereto as Exhibit 1.

### II. STANDARD OF REVIEW.

In order to survive a motion to dismiss under Federal Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

---

[1] Capitalized terms used herein shall have the meanings ascribed by Plaintiffs in the Complaint.

{26289088;1}

2

Twombly, 550 U.S. 544, 570 (2007)). Under this plausibility standard, the well-pled allegations must "nudge" the claim across the line from conceivable to plausible. Id. (citing Sinaltrainal v. Coca–Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009)). To do so, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, all conclusory allegations should be disregarded in examining the Complaint's sufficiency and this Court must determine whether the remaining factual allegations set forth a "plausible" claim for relief. Id. at 679.

### III. THE COMPLAINT FAILS TO STATE A CLAIM.

Plaintiffs have attempted to make three claims against NTC and Lance, to wit: the "Third Cause of Action," for a declaratory judgment of a void assignment ("Count 3"); the "Sixth Cause of Action" for conspiracy to slander title ("Count 6"); and the "Ninth Cause of Action" for violation of FDCPA ("Count 9").

As a threshold matter, Plaintiffs have failed to make a "short plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a). By doing so, Plaintiffs have made it difficult to discern which claims they are lodging against NTC and Lance. This procedural deficiency is grounds for dismissal by itself. See Fifth Third Bank v. Barkauskas, No. 2:12-cv-00577, *2-4 (M.D. Fla. Nov. 14 2012).

### A. THE COMPLAINT FAILS TO STATE A CLAIM AS TO COUNT 3.

In order to state a claim for declaratory relief under 28 U.S.C. §§ 2201-2, Plaintiffs must allege that there is an actual justiciable controversy between parties with adverse legal interests. See 28 U.S.C. § 2001. Specifically, "the facts alleged, under all the circumstances, must show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co., 68 F. 3d 409, 414 (11th Cir. 1995).

Plaintiffs have failed to allege that NTC and Lance have an "adverse legal interest" in the Assignment or the Security Deed that is the subject of the Assignment. Plaintiffs have not alleged that NTC or Lance is an assignor or an assignee of the Security Deed. See Complaint at ¶ 84 ("the FDIC, acting as receiver of WaMu, NA f/k/a WaMu FA, assigned the Security Deed to Chase"). In fact, Plaintiffs do not allege that NTC and Lance have or claim to have *any* interest in the Assignment or the Security Deed. Moreover, the Assignment on its face fails to evidence any interest that Lance or NTC have under it. See Exhibit 1.

As well, Plaintiffs' Count 3 is not a justiciable controversy. To determine whether the alleged controversy is justiciable, the Court looks at "the state of affairs as of the filing of the complaint." Id. In other words, the alleged controversy, as of the filing date, must be ripe and cannot be contingent. See Mt. Hawley Insurance Company v. Giant Oil, Inc., 2010 WL 1525518, at *2 (M.D. Fla. Apr. 15, 2010) (dismissing a claim as not ripe because it was contingent on the outcome of a pending declaratory judgment action).

In this case, Count 3 is wholly dependent on the Court's determination of Plaintiffs' "Second Cause of Action" for declaratory judgment of invalidity of transfer ("Count 2"), which

{26289088;1}

involves different parties. If Plaintiffs lose Count 2, then Count 3 is moot. As Plaintiffs have specifically alleged, the Assignment at issue was purportedly "intended to further memorialize the transfer that occurred *by operation of law* on September 25, 2008." See Complaint at ¶ 86 (emphasis in original). Therefore, if the transfer is upheld and not declared void, then declaring the Assignment void would have no effect. Accordingly, Count 3 is not ripe and not justiciable.

**B.    THE COMPLAINT FAILS TO STATE A CLAIM AS TO COUNT 6.**

Plaintiffs assert Count 6 against NTC and Lance, among others, for "civil conspiracy to slander the Ames's title to the property".

Count 6 should be dismissed because it is insufficiently pled. See Fed. R. Civ. P. 8(a); see also Fed. R. Civ. P. 12(b)(6). In Count 6, there are only two paragraphs: one incorporating paragraphs 1 through 107, and one purporting to state a claim. See Complaint at ¶¶ 124-5. Count 6's threshold deficiency is that Plaintiffs have not explained which deed is alleged to be "wild:" it could be the deed under power[2], see Complaint at ¶ 65; the "Warranty Deed," see Complaint at ¶ 72; or the Security Deed, see Complaint at ¶ 77.

More important, in order to state a claim for "civil conspiracy," Plaintiffs must also allege an underlying tort. See Cook v. Robinson, 116 SE 2d 742 (Ga. 1960) ("to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage."); see also Mustaqeem-Graydon v. SunTrust Bank, 573 SE 2d 455, 461 (Ga. Ct. App. 2002). In this case, the underlying tort would be "slander of title;" but

---

[2] While the "deed under power" is not specifically referenced, it is alluded to, because it is a component of a "non-judicial foreclosure" action in Georgia. See O.C.G.A. § 44-4-160.

{26289088;1}

5

Plaintiffs have not attempted to state a claim for "slander of title." Thus, Count 6 should be dismissed. See e.g. Pierson v. Orlando Regional Healthcare Systems, 619 F. Supp. 2d 1260, 1297-8 (M.D. Fla. 2009) (dismissing civil conspiracy claim where no underlying tort claim was alleged); Ironworkers Local Union v. Astrazeneca Pharm., 585 F. Supp. 2d 1339, 1346 (M.D. Fla. 2008) (dismissing civil conspiracy claim where no underlying tort claim remained, after all had been dismissed).

Assuming for the sake of argument that Plaintiffs have attempted to state a claim for the requisite underlying tort *within* Count 6 – which they have not – Plaintiffs' claim fails nonetheless because Plaintiffs have failed to allege the elements of a claim for "slander of title." In order to plead a claim for "slander of title" under Georgia law, Plaintiffs must allege the following elements: "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." Giles v. Swimmer, 725 SE 2d 220, 222 (Ga. 2012) (citing Latson v. Boaz, 598 SE 2d 485, 487 (Ga. 2004)). Plaintiffs have not alleged these elements at all, much less alleged them sufficiently or plausibly. See Complaint at ¶ 125.

In addition to the required showing of an underlying tort, in order to state a claim for "civil conspiracy" under Georgia law, Plaintiffs must allege that "two or more persons, acting in concert, engaged in conduct that constitutes a tort." Mustaqeem-Graydon v. SunTrust Bank, 573 SE 2d at 461; Mortensen v. Bank of America, 2011 WL 5593810, *6 (M.D. Ga. Nov. 17, 2011). In Plaintiffs' Count 6, there is only one paragraph (other than the paragraph incorporating paragraphs 1 through 107); this paragraph is full of legal conclusions. See Complaint at ¶ 125. Legal conclusions are insufficient to state a claim. See Iqbal, 556 U.S. at 678-9. Throughout the

entire Complaint, there are no allegations of an agreement or a common motive among NTC, Lance, and the other Defendants. Likewise, there is no allegation of conduct constituting a tort attributed to NTC and Lance. Indeed, the only alleged conduct attributed to NTC and Lance is the preparing (*i.e.* word processing) of the Assignment at issue. See Complaint at ¶ 85.

Finally, despite Plaintiffs' legal conclusion that their title has been "clouded," it appears from the face of the Complaint that Plaintiffs' title has not been affected in any way. Plaintiffs admit that they "executed a Security Deed securing the debt of the Note with the Property" on March 30, 2007. See Complaint at ¶¶ 32, 77. Plaintiffs have not alleged that the Security Deed itself is void, only that the Assignment of the Security Deed is void. Therefore, it follows that the only dispute as to the lien created by the Security Deed is who owns and holds the interest, not whether it exists.

Count 6 should be dismissed because Plaintiffs have failed to state a claim for civil conspiracy to slander title: they have failed to allege the underlying tort and they have failed to properly or sufficiently plead an action for civil conspiracy.

### C. THE COMPLAINT FAILS TO STATE A CLAIM AS TO COUNT 9.

Plaintiffs assert Count 9, an action for violation of the Fair Debt Collection Practices Act – 15 U.S.C. §§ 1692, et seq. ("FDCPA") – against "all defendants," including NTC and Lance.

In order to survive a motion to dismiss a FDCPA claim, a plaintiff must state a *plausible* claim that: "the plaintiff has been the object of collection activity arising from consumer debt, the defendant is a debt collector as defined by the FDCPA, and the defendant engaged in an act or omission prohibited by the FDCPA." See Bentley v. Bank of America, N.A., 773 F. Supp. 2d 1367 (S.D. Fla. 2011). In this case, Plaintiffs have failed to state a claim against NTC and Lance

{26289088;1}

7

because: (1) NTC and Lance are not debt collectors and no facts have been pled in support of this contention; and (2) NTC and Lance have not engaged in any act or omission prohibited by the FDCPA.

The purpose of the Fair Debt Collection Practices Act is set forth within the Act itself:

> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

See 15 U.S.C. § 1692(e). As is evident from the statute, the FDCPA is enacted "to eliminate abusive debt collection practices" by "debt collectors." See, e.g., Mansour v. CAL-Western Reconveyance Corp., 618 F. Supp.2d 1178, 1182 (D. Ariz. 2009) ("As a threshold matter, the FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt."); Nool v. HomeQ Servicing, 653 F. Supp.2d 1047, 1052 (E.D. Ca. 2009) ("FDCPA regulates only 'debt collectors.'").

NTC and Lance are not engaged in debt collection and NTC and Lance are not debt collectors subject to the FDCPA. The FDCPA generally defines "debt collector" as "any person… who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." See 15 U.S.C. § 1692a(6). Mortgage servicing companies are not debt collectors under the FDCPA. See Jenkins v. BAC Home Loan Servicing, LP, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011); see also Foxx v. Ocwen Loan Servicing, LLC, 2012 WL 2048252, *4 (M.D. Fla. Jun. 6, 2012).

In this case, in a reading of the alleged facts most favorable to Plaintiffs, Plaintiffs have not alleged that NTC or Lance is a "debt collector," nor have they alleged any facts from which

{26289088;1}

8

those conclusions could be drawn. Instead, Plaintiffs have stated a conclusory allegation that "Defendants... are 'debt collectors' under 15 U.S.C. § 1692g." See Complaint at ¶ 148. That conclusory allegation is not sufficient. Swain v. CACH, LLC, 699 F. Supp. 2d 1109, 1112 (N.D. Cal. 2009) (dismissing complaint where Plaintiff "merely alleged the legal conclusion that all Defendants are debt collectors without providing any supporting facts demonstrating that they each engage in a business the principal purpose of which is the collection of debts").

The acts specifically prohibited by the FDCPA are: (i) improper communications by a debt collector during the collection of a consumer debt (see generally 15 U.S.C. § 1692c); (ii) a debt collector engaging in abusive or harassing communications with a consumer debtor (see generally 15 U.S.C. § 1692d); (iii) a debt collector using false or misleading representations in connection with the collection of a debt (see generally 15 U.S.C. § 1692e (examples are false representation or implication that the debt collector is a lawyer, the representation or implication that nonpayment of the debt will result in arrest or imprisonment, and threats to take legal action that cannot legally be taken)); and (iv) the use of unfair or unconscionable means by a debt collector to collect a debt (see generally 15 U.S.C. § 1692f (examples are causing concealed charges to be made to the debtor, solicitation of a postdated instrument for the purpose of threatening or instituting criminal prosecution, and communicating with a debtor by post card)). Beyond the statutory requirement in each instance that the offender be a "debt collector," substantively, each particular offense generally requires that the debt collector must have engaged in some direct or indirect communication with the consumer.

Plaintiffs' Complaint cites no direct communications between NTC, Lance, and Plaintiffs for the purpose of collecting a debt or otherwise. Indeed, the only factual allegation concerning

{26289088;1}

NTC and Lance's acts are that they prepared (*i.e.* word processed) the Assignment at issue in the case. See Complaint at ¶ 85. Preparing an assignment is not enough to sustain a claim under the FDCPA. See Brichant v. Wells Fargo Bank, NA, No. 3:12-cv-00285, *8-9 (M.D. Tenn. Sept. 25, 2012) (dismissing FDCPA claim lodged against one who prepared assignment).

Outside of preparing the assignment, Plaintiffs have alleged that all "Defendants sought to non-judicially foreclose the subject Security Deed after David Ames alleged default." See Complaint, ¶ 148. There is no specific allegation that NTC or Lance took part in this foreclosure activity – and it is implausible that they did – nonetheless, such activity is not enough to allege a violation of the FDCPA. See Jenkins, 822 F. Supp. 2d at 1374 (citing Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009) ("the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA.")).

Because FDCPA is a statutory act providing for relief against "debt collectors," and because it appears from the face of the Complaint that NTC and Lance are not debt collectors and have not engaged in any prohibited activity under the FDCPA, the Complaint fails to state a claim under the FDCPA as a matter of law and it must be dismissed.

## CONCLUSION

In each of their three counts against NTC and Lance, Plaintiffs have failed to state a claim as a matter of law and as a matter of pleading under the Federal Rules of Civil Procedure. Therefore, the Complaint must be dismissed.

**Dated:** April 29, 2013.

                          Respectfully submitted,

                          **AKERMAN SENTERFITT**
                          401 E. Jackson Street, Suite 1700
                          Tampa, FL 33602-5250
                          Telephone: (813) 223-7333
                          Facsimile: (813) 223-2837

                          By: /s/ Gregory M. McCoskey
                              Gregory McCoskey
                              Florida Bar No. 0089850
                              Primary e-mail: greg.mccoskey@akerman.com
                              Secondary e-mail: fay.sayer@akerman.com
                              John L. Dicks, II
                              Florida Bar No. 89012
                              Primary e-mail: john.dicks@akerman.com
                              Secondary e-mail: sharon.wells@akerman.com

                              *Attorneys for Nationwide Title Clearing, Inc. and Erika Lance*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2013, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, and that a copy of the foregoing will be served on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                              /s/ Gregory M. McCoskey

Deed Book 51608 Pg 550
Filed and Recorded Sep-04-2012 10:05am
2012-0226470
Cathelene Robinson
Clerk of Superior Court
Fulton County, Georgia

When Recorded Return To:
JPMorgan Chase Bank, NA
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Loan #: 3013527159



## ASSIGNMENT OF SECURITY DEED

Contact JPMORGAN CHASE BANK, N.A. for this instrument 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK,FA, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA, 71203, (ASSIGNOR), by these presents does convey, grant, sell, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Security Deed is executed by DAVID R. AMES AND CINDY J. AMES to WASHINGTON MUTUAL BANK, FA and recorded in Deed Book 44784, Page 545, and/or as Instrument # n/a in the office of the Clerk of the Superior Court of FULTON County, Georgia.

This Assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver.

This Assignment is intended to further memorialize the transfer that occured by operation of law on September 25, 2008 as authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. S1821 (d)(2)(G)(i)(II)

In witness whereof, the undersigned has hereunto set their hands on __08/22/2012__ (MM/DD/YYYY).
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK,FA, by JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its Attorney-In-Fact

By: _Laquina Wilsonoats_ VICE PRESIDENT

And: _Pearl Burtt_ VICE PRESIDENT

_____ Witness

_Leshonda Anderson_ Witness

STATE OF LOUISIANA   PARISH OF OUACHITA
On __08/22__/2012 (MM/DD/YYYY), before me appeared _Laquina Wilsonoats_
and _Pearl Burtt_, to me personally known, who did say that he/she/they is/are the VICE PRESIDENT and VICE PRESIDENT, respectively of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION as Attorney-in-Fact for FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK,FA and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association).

_Angela Ruth Payne_
Notary Public - State of LOUISIANA
Commission expires: Upon My Death

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
JPCAS 17293393 -5 WAMU CI40862415X   [C] FRMGAL_JPCAS3

*17293393*

EXHIBIT 1